**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| WILLIE P. WATSON | § | |
| | § | |
| V. | § | 1:07-CV-30 |
| | § | |
| WARREN G. CLARK, | § | |
| PROVOST UMPHREY LAW FIRM, LLP, | § | |
| and HAZEL ELLIS WILRIDGE | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws, orders of this court and, particularly, General Order 05-07.

Plaintiff Watson is proceeding *pro se*. Watson alleges that defendants have violated his constitutional rights by depriving him of certain inheritance rights. Watson also alleges various state law causes of action. The magistrate judge recommends that the case be dismissed because the court does not have jurisdiction. The magistrate judge's report and recommendation addressed plaintiff's claims against all defendants. There is no diversity jurisdiction because the parties are citizens of the same state. The court lacks subject matter jurisdiction because neither of plaintiff's alleged federal claims are valid, and under the circumstances the court should decline to exercise supplemental jurisdiction over his remaining state law claims. After the magistrate judge's report and recommendation was filed, defendant Wilridge filed a motion to dismiss, and plaintiff filed a motion for default judgment. Adoption of the report and recommendation moots these motions.

Plaintiff objects to the magistrate judge's analysis and recommendations that the motion be dismissed due to lack of jurisdiction. Watson's objection is that his cause of action under 42 U.S.C. § 1983, which provides a private right of action against state actors for violations of constitutional rights, is valid, as defendants Warren G. Clark (Clark) and Provost Umphrey Law Firm, LLP (Provost Umphrey) are state actors. Plaintiff argues that when these defendants agreed to represent the estate of Johnson Wilridge, they acted as officers of the court, and "acted jointly with the State in depriving the plaintiff" of his rights."

As the magistrate judge noted in his report and recommendation, however, lawyers are generally not considered state actors for purposes of section 1983 liability. See Catz v. Chalker, 142 F.3d 279, 289 (6th Cir. 1998)(no section 1983 liability for attorneys acting for opposing party in divorce proceeding); Hoai v. Vo, 935 F.2d 308, 313 n.5 (D.C. Cir. 1991)("An attorney does not act under color of law in her or his capacity as representative of a client in court."); Lindley v. Amoco Prod. Co., 639 F.2d 671 (10th Cir. 1981) (attorney entering home of opposing party under court order not a state actor).

The Fifth Circuit has identified several tests to determine when a private actor's conduct can be fairly attributable to the state. First is the "public function" test, which examines whether the private entity performs a function which is exclusively reserved to the state. Cornish v. Correctional Servs. Corp., 402 F.3d 545, 550 (5th Cir. 2005). Second is the "nexus" or "state action" test, which examines whether the state has inserted itself into a position of interdependence with the private actor, such that it was a joint participant in the enterprise. Id. Third is the "joint action" test, which examines whether private actors and the state are willful participants in joint action. Id.

Watson has not alleged any facts to support a cause of action against Clark or Provost Umphrey. There is simply no relationship other than the standard relationship between a court and litigating parties, alleged between the two. The practice of law is not a function exclusively reserved to the state. Neither is the distribution of litigation proceeds or estate assets. The *challenged action* in this case involved only the actions of private actors, not the state.

Having considered the magistrate judge's report and conducted a *de novo* review of defendant's objections, the court concludes that the findings of fact and conclusions of law of the magistrate judge are correct, and plaintiff's objections are not meritorious. The court lacks jurisdiction to hear this cause of action.

Accordingly, plaintiff's objections are **OVERRULED**, and the report of the magistrate judge is **ADOPTED**. By separate order, the court will implement the recommendations submitted by the magistrate judge. It is further

**ORDERED** that all remaining pending motions are **DENIED** as moot.

**SIGNED** this the **18** day of **April, 2007.**

_____
Thad Heartfield
United States District Judge